# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

EDWARD GRIMES,                                  :
                                                :
              Plaintiff,                        :        Civ. No. 19-8522 (FLW) (TJB)
                                                :
         v.                                     :
                                                :
SENIOR CORRECTIONAL OFFICER                     :
MARVIN MERRIEL et al.,                          :        **MEMORANDUM AND ORDER**
                                                :
              Defendants.                       :
---                                             :

 

Plaintiff, Edward Grimes ("Grimes" or "Plaintiff"), presently a prisoner at New Jersey State Prison, in Trenton, New Jersey, is proceeding *pro se* with a Complaint alleging civil rights violations under 42 U.S.C. § 1983.  (ECF No. 1.)  Grimes alleges that, during an interaction on January 23, 2018, defendant Senior Correctional Officer Marvin Merriel ("Merriel") detained him for failure to follow an order[1] and, in doing so, violently twisted his arms behind him and placed "handcuffs on him backwards as tight as the cuffs would go, using the cuffs as a torture devi[c]e."  (*Id.* ¶ 6.)  Grimes alleges that defendant Sergeant Richard DeFazio ("DeFazio") authorized Merriel to detain Grimes and subsequently refused Grimes's requests to loosen the handcuffs until a nurse intervened.  (*Id.* ¶¶ 6–9.)  Although DeFazio loosened the handcuffs after the nurse pointed out that Grimes's hands were turning purple, Grimes alleges that the handcuffing caused him injury that required medical treatment, leaving him with "ongoing limited use of his left hand and continuous pain in his right wrist."  (*Id.* ¶¶ 11–13, 20.)

---

[1]  Grimes notes that the disciplinary charges against him were subsequently dismissed.  (ECF No. 1 ¶ 10.)

Grimes alleges that Merriel used excessive force in handcuffing him, thus violating his constitutional rights. (*Id.* ¶¶ 29–37.) He further asserts a claim for supervisory liability against DeFazio. (*Id.* ¶¶ 38–43.) Grimes seeks damages from Defendants in their individual and official capacities. (*Id.* at p. 10.) The Court previously granted an application by Grimes to proceed *in forma pauperis*. (ECF No. 2.)

Under the Prison Litigation Reform Act, district courts must review prisoner complaints when the prisoner (1) is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), (2) seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A, or (3) asserts a claim concerning prison conditions, *see* 42 U.S.C. § 1997e(c). The Court has screened the Complaint and determines that it states claims under 42 U.S.C. § 1983 for excessive force under the Eighth Amendment[2] and for supervisory liability.[3] The Court, however, dismisses Grimes's claims for damages against Defendants in their official capacities, as state officials acting in their official

---

[2] The Cruel and Unusual Punishment Clause of the Eighth Amendment proscribes the unnecessary or wanton infliction of pain or the imposition of conditions that are grossly disproportionate to the severity of the crime warranting imprisonment. *See Rhodes v. Chapman*, 452 U.S. 337, 346–47 (1981). The central inquiry in an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 1–2 (1992). Accepting Grimes's allegations as true and construing them in his favor, he has sufficiently claimed that the force used against him was not the result of good-faith efforts to maintain discipline.

[3] Generally, personal involvement by the defendant in the alleged constitutional violation is central to a civil rights claim, and liability cannot rest on a theory of *respondeat superior*. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Supervisory liability generally requires some affirmative conduct by the supervisor, such as a supervisor's implementation of a policy or contemporaneous knowledge of and acquiescence in a subordinate's actions. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Santiago v. Warminster Township*, 629 F.3d 121, 129 n.5 (3d Cir. 2010); *Baker v. Monroe Township*, 50 F.3d 1186, 1190–91 (3d Cir. 1995). Accepting Grimes's allegations as true, he sufficiently claims that DeFazio either actively participated in or knew of and acquiesced in an application of excessive force.

capacities are not considered "persons" subject to damages claims under § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Accordingly, IT IS, on this 10th day of September 2019,

ORDERED that Plaintiff's Complaint is construed as asserting claims against Defendants in their individual capacities for excessive force under the Eighth Amendment and for supervisory liability, and these claims are permitted to PROCEED; and it is further

ORDERED that Plaintiff's damages claims against Defendants in their official capacities are DISMISSED for failure to state a claim upon which relief could be granted; and it is further

ORDERED that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing a United States Marshal ("Marshal") 285 Form ("USM-285 Form"); and it is further

ORDERED that once the Marshal receives the USM-285 Forms from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue Summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve a Summons, the Complaint, and a copy of this Order on the address specified on each USM-285 Form, with all costs of service advanced by the United States;[4] and it is further

ORDERED that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

ORDERED that, if, at any time prior to the filing of a notice of appearance by Defendants, Plaintiff applies to the Court for any form of intermediate relief, Plaintiff shall, under Federal Rule of Civil Procedure 5(a) and (d), (1) serve a copy of the application by regular

---

[4]  Alternatively, the Marshal may notify Defendants that an action has been commenced and request that each Defendant waive personal service of a summons under Federal Rule of Civil Procedure 4(d).

mail upon each party at his last known address and (2) file a Certificate of Service;[5] and it is further

     ORDERED that the Clerk shall serve this Memorandum and Order on Plaintiff by regular U.S. mail.

                           /s/ Freda L. Wolfson
                           FREDA L. WOLFSON
                           U.S. Chief District Judge

---

[5] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.