UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD GRIMES,<br><br>  Plaintiff,<br><br>  v.<br><br>SENIOR CORRECTIONAL OFFICER MARVIN MERRIEL, et al.,<br><br>  Defendants. | Civil Action No. 19-8522(FLW)<br><br>MEMORANDUM AND ORDER |

This matter has been opened to the Court by *pro se* Plaintiff Edward Grimes filing of a Complaint pursuant to 42 U.S.C. § 1983.

1. This Court previously granted Plaintiff's application for *in forma pauperis* ("IFP") application (ECF No. 2), and screened Plaintiff's Complaint for *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 3.) The Court dismissed the Complaint in part and proceeded it in part. (ECF No. 3.)

2. On December 7, 2020, mail sent to Plaintiff at the address on the file was returned as undeliverable, and the notation on the mail indicated that Plaintiff was no longer in NJDOC custody. (ECF No. 12.) A search of the New Jersey Department of Corrections Inmate Locator indicates that Plaintiff is deceased.[1] Because the Court is unable to confirm whether Plaintiff is deceased, and his Estate has not sought to substitute as a party, the Court will ADMINISTRATIVELY TERMINATE this action at this time pursuant to L. Civ. R. 10.1 and provide Plaintiff with 30 days to update his contact information.[2]

---

[1] *See* New Jersey Department of Corrections Inmate Locator, available at https://www20.state.nj.us/DOC_Inmate/details?x=1038052&n=0.

[2] Administrative termination is not a "dismissal," and that the Court retains jurisdiction over Plaintiff's case. *See Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013)

1

3.      To the extent Plaintiff is deceased and his Estate seeks to substitute as a party, it may do so according to the pertinent Rules of Federal Civil Procedure.

**IT IS** therefore on this 18th day of March 2021,

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case pursuant to L. Civ. R. 10.1 for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that to the extent Plaintiff is deceased, his Estate may substitute a party as provided by the pertinent Rules of Federal Civil Procedure; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file; it is further

**ORDERED** that if the Court does not receive a response or other filings from Plaintiff, or his Estate, within 30 days from the date of this Order, this matter will be dismissed.

/s/ Freda L. Wolfson
Freda L. Wolfson
Chief U.S. District Judge

---

(distinguishing administrative terminations from dismissals). "Dismissals end all proceedings, at which time the district court relinquishes any jurisdiction over the matter. [internal citation omitted]. By contrast, administrative closings do not end the proceeding. Rather, they are a practical tool used by courts to 'prune ... overgrown dockets' and are 'particularly useful in circumstances in which a case, though not dead, likely to remain moribund for an appreciable period of time.'" *Id.* (citing *Freeman v. Pittsburgh Glass Works*, LLC, 709 F.3d 240, 247 (3d Cir. 2013) (internal quotation marks omitted); *see also Lehman v. Revolution Portfolio, LLC*, 166 F.3d 389, 392 (1st Cir. 1999) ("Administrative closings comprise a familiar, albeit essentially *ad hoc*, way in which courts remove cases from their active files without making any final adjudication.").